**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ARMAND MARTIN,** | **CV F 04-6319 AWI WMW HC** |
|          **Petitioner,** | **FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS** |
|    **v.** | |
| **U. S. BUREAU OF PRISONS,** | |
|          **Respondent.** | |

     Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

## PROCEDURAL HISTORY

Petitioner states in his petition that he is serving a 86 month sentence in the Taft Correctional Institution.  He explains that he received this sentence in 2002 in the District of Louisiana after being convicted of conspiring to possess cocaine hydrochloride with intent to distribute.  21 U.S.C. § 841(a)(1).

## DISCUSSION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.

In this case, Petitioner is challenging the manner of execution of his sentence because he seeking credit to his federal sentence for statutory good time for the time he has been incarcerated.  See U.S. v. Espinoza, 866 F.2d 1067, 1070 (9th Cir.1988).  In addition, the Petitioner is confined at Taft Correction Institution which is located within the jurisdiction of this Court.  See U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).  Thus, his petition is proper under § 2241.

Petitioner contends that the Bureau of Prisons ("BOP") is incorrectly calculating his good time credits and asks this court to order the BOP to change its method of calculation.

Respondent disputes this contention.

As Respondent explains, the awarding of good time credits for federal prisoners is governed by 18 U.S.C. Section 3624(b)(1). That section states that a prisoner who is serving a sentence of more than one year, but less than life, "may receive up to fifty-four days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term," subject to the BOP's determination that "during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. 18 U.S.C. § 3624(b)(1).

The credit towards the prisoner's sentence is calculated at the end of each year. However, as Respondent indicates, when the prisoner approaches the end of his sentence, the calculation must be made before the end of the year and must be prorated. Section 3624 specifies that "credit for the last year of portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence." The question that arises in this situation is whether the phrase "term of imprisonment" means the length of the actual sentence that was imposed by the district court or the amount of time that the prisoner actually serves. The BOP has implemented a regulation that adopts the amount of time actually served by a prisoner as the basis for the proration. 28 C.F.R. § 523.20.

Petitioner argues that his good time credits should be based, not on the number of days actually served but on the number of days to which he is sentenced. Petitioner estimates that the BOP's method of calculating good time credits has deprived him of approximately 7 days worth of credit each year.

The Court of Appeals for the Ninth Circuit has rejected the exact argument made by Petitioner in <u>Pacheco-Camacho v. Hood</u>, 272 F.3d 1266 (9th Cir. 2001). The court found that the BOT regulation was entitled to full deference under <u>Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984), that section 3624(b) is ambiguous, that the legislative history of the section does not remove that ambiguity, and that the BOP

regulation is "based on a permissible construction of the statute." 467 U.S. at 843; 272 F.3d at 1269-71. Accordingly, this petition provides no basis for habeas corpus relief and must be denied.

Based on the foregoing, IT IS HEREBY RECOMMENDED that this petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 19, 2007**            /s/  **William M. Wunderlich**
mmkd34                                          UNITED STATES MAGISTRATE JUDGE

4